# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| NATALIE LEVY, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1266 |
| | : | |
| CONTINENTAL AIRLINES, INC., | : | |
| Defendant. | : | |
| | : | |

## Memorandum and Order

YOHN, J.                                                    October ___, 2007

Plaintiff Natalie Levy brings this one count negligence claim against defendant Continental Airlines, Inc. ("Continental"), alleging violations of Pennsylvania common law duties of care, state statutes and local ordinances, and flight safety standards established by the Federal Aviation Act, 49 U.S.C. § 40101, *et. seq.* ("FAA").  Presently before the court is Continental's motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

For the reasons specified herein, the court will grant defendant's motion to dismiss in part and deny it in part.  The court will deny defendant's motion with respect to generally pled violations of the FAA and with respect to violations of the specific standards regulating crewmember training and cargo carriage promulgated at 14 C.F.R. §§ 121.589 and 125.289.  The court will grant the motion with respect to claims arising from Pennsylvania common law standards, state statutes, and

1

local ordinances because those standards are preempted by federal law and with respect to claims made under the federal law standards related to aircraft design and manufacture as defined in title 14, part 25 of the C.F.R. because those regulations do not establish standards of care that apply to airline operators.

## I. Factual Background

On June 4, 2007, plaintiff amended her complaint with the court's permission to allege the factual grounds that form the basis of this memorandum and order.[1]  As alleged in the complaint, this action involves a personal injury that plaintiff suffered on flight 1476, operated and staffed by defendant while en route from Houston, Texas to Philadelphia, Pennsylvania on March 17, 2006. (Compl. ¶ 6.)  While sitting in seat 12D, plaintiff was struck on the head by a large ceramic bowl that fell from a broken or improperly closed overhead storage compartment.  (Compl. ¶ 7.)  Plaintiff suffered multiple injuries as a result of the bowl's impact.[2]  These injuries caused plaintiff physical pain and financial harm, the latter due to medical expenses and reduced earning capacity.  (Compl. ¶¶ 8, 9, 10.)

---

[1] Because this is a motion to dismiss, the court accepts the facts that plaintiff alleges in the amended complaint as true.  *See Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (when ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom" (citation omitted)).

[2] These injuries included "a skull hematoma, closed head injury, facial bruising, cervical sprain and strain, cervical radiculopathy, lumbar sprain and strain, pelvic subluxation, TMJ, sensorineural hearing loss, recurrent headaches, left temple and left posterior occipital pain, and severe and permanent shock to her nervous system."  (Compl. ¶ 8.)

**II. Procedural History**

On March 5, 2007, plaintiff commenced this action by filing a civil complaint in the Court of Common Pleas of Philadelphia County.  Defendant properly removed the case to this court on March 29.[3]  On May 16, defendant filed a motion for judgment on the pleadings because plaintiff's complaint alleged only state law grounds that are preempted by federal law.  Plaintiff then sought leave to amend the complaint, and the court granted leave.  (Order Granting Mot. to Amend., May 24, 2007.)  On May 30, plaintiff filed her amended complaint, thereby mooting defendant's earlier motion to dismiss.

In the amended complaint, plaintiff alleges that defendant's negligence caused her injuries. (Am. Compl. ¶ 11.)  Specifically, she claims that Continental created and allowed the dangerous and defective condition, failed to inspect and correct the condition, failed to warn plaintiff of the condition, failed to train its employees to identify and correct the condition, violated "pertinent provisions of the Statutes of the Commonwealth of Pennsylvania and local Municipal Ordinances," violated the "pertinent provisions" of the FAA, and violated 14 C.F.R. §§ 25.787, 25.853, 125.289, and 121.589. (Am. Compl. ¶ 11(A)-(L).)[4]  On June 16, 2007, defendant moved to dismiss all of the claims as alleged in the amended complaint.  Defendant argues that plaintiff's claims arising from common law standards, state statutes, and local ordinances should be dismissed because they are

_____

[3] Jurisdiction is properly based on diversity of citizenship under 28 U.S.C. § 1332. Plaintiff resides in Pennsylvania, and defendant is a Delaware corporation with its principal place of business in Texas.  (Am. Compl. ¶ 1.)  Plaintiff served defendant through its registered address for service of process in Pennsylvania.  (Am. Compl. ¶ 2.)  The court has jurisdiction based on diversity.

[4] Plaintiff's complaint alleges one count of negligence based on the multiple acts or omissions found in paragraph 11 of complaint.  For the purposes of this motion to dismiss, the court will treat these claims as severable, as has defendant.

preempted by federal law and seeks dismissal of the claims arising from federal safety standards promulgated pursuant to the FAA based on the insufficiency of plaintiff's factual pleadings.  The court now considers defendant's motion.


## III.  Discussion

### A.  Standard of Review and Plaintiff's Claims

Generally, when deciding whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is testing the sufficiency of a complaint.  *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The court must accept as true all well-pled allegations of fact in the plaintiff's complaint, and any reasonable inferences that may be drawn therefrom, to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief."  *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotations and citation omitted).  "The complaint will be deemed to have alleged sufficient facts if it adequately puts the defendants on notice of the essential elements of the plaintiff['s] cause of action." *Nami*, 82 F.3d at 65.  Courts will grant a motion to dismiss "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

To survive the motion to dismiss, plaintiff's amended complaint must, thus, show that she may be entitled to relief by putting defendant on notice of the facts surrounding the essential elements of her negligence claim.  *See Nami*, 82 F.3d at 65.  In Pennsylvania, "[t]o establish a cause

4

of action in negligence, the plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage." *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998); *see also Allen v. Am. Airlines, Inc.*, 301 F. Supp. 2d 370, 374 (E.D. Pa. 2003). Defendant's present motion to dismiss challenges the applicable standards of care and the breach of those standards, but it does not challenge, and for the purposes of this order and opinion, plaintiff sufficiently alleges, that it owed her a duty as a passenger,[5] causation,[6] and damages.[7] With regard to the applicable standards of care, plaintiff alleges standards found in: state common law, state statutes and local ordinances, pertinent provisions under the FAA, and parts 25, 121, and 125 of title 14 of the C.F.R.

Defendant first argues that the state law standards of care pled by plaintiff are preempted by federal standards. (*See* Def.'s Mot. to Dismiss 3; Def.'s Mem. Supp. Mot. 4.) Defendant next contends that plaintiff has failed to allege facts giving rise to federal standards of care identified in the amended complaint and failed to allege breach of those standards that defendant concedes do apply to it. (*See* Def.'s Mot. to Dismiss 5; Def.'s Mem. Supp. Mot. 8.) The court will consider each of these arguments in turn. The court concludes that Pennsylvania common law, state statutory, and local ordinance standards of care do not apply to defendant because they are preempted by the FAA. With regard to standards established under the FAA, the court concludes that plaintiff has sufficiently alleged federal standards of care that defendant owed to plaintiff and breach of those

_____

[5] (*See* Am. Compl. ¶ 6 (alleging plaintiff was a "customer" or "business invitee" in seat 12D on a flight operated by defendant).)

[6] (*See* Am. Compl. ¶ 7-10 (alleging that the bowl struck plaintiff's head, resulting in injury and expenses).)

[7] (*See* Am. Compl. ¶ 8-9 (alleging physical injury, medical expenses and other losses).)

standards as to general standards promulgated pursuant to the FAA and specific standards found at 14 C.F.R. §§ 125.289 and 121.589.  Plaintiff has, however, failed to allege a specific standard of care that applies to defendant under 14 C.F.R. §§ 25.787 and 25.853.

### B.  Motion to Dismiss Claims Based on State and Local Standards for Preemption

Plaintiff's claims that defendant negligently breached state law duties of care when it created, allowed, failed to inspect, failed to correct, failed to warn plaintiff about, and failed to train its employees to identify or to correct a dangerous and defective condition. (Am. Compl. ¶ 11(A)-(F).) Plaintiff also alleges that defendant "[v]iolated the pertinent provisions of the Statutes of the Commonwealth of Pennsylvania and local Municipal Ordinances."  (Am. Compl. ¶ 11(G).) Defendant moves to dismiss the claims based on state and local standards because of preemption under the FAA.  (*See* Def.'s Mot. to Dismiss 4.)  Because the FAA completely preempts state and local standards in the field of aviation safety, defendant's motion to dismiss the claims based on all state and local law standards will be granted.

In *Abdullah v. American Airlines, Inc.*, the  Third Circuit examined the conflict between airline safety standards promulgated pursuant to the FAA and state law negligence standards, concluding that the FAA preempts the "entire field of aviation safety," precluding claims based on state law standards.  181 F.3d 363, 365 (3d Cir. 1999).[8]  In *Abdullah*, the plaintiffs sued the airline under the Puerto Rican territorial negligence standard for failing to avoid and failing to warn about turbulent conditions.  *Id.* at 365.  The jury found the defendant airline negligent and awarded the

---

[8] Because this court is bound by Third Circuit precedent, the court need not revisit the constitutional and statutory justifications underlying federal preemption.  For a discussion of the Third Circuit's reasoning, see *Abdullah*, 181 F.3d at 366-72.

plaintiffs damages, but the district court granted a new trial because federal law preempted the territorial standards.[9] *Id.* at 366. The Third Court affirmed, rejecting cases in which other courts of appeals "that have found that federal law does not preempt state and territorial air safety standards, or that federal law only preempts discrete aspects thereof." *Id.* at 365, 367-68.[10] The Third Circuit held that:

> [T]he FAA and relevant federal regulations establish complete and thorough safety standards for interstate and international air transportation that are not subject to supplementation by, or variation among, jurisdictions. While some courts have found federal law to preempt discrete aspects of air safety . . . , we hold that federal law establishes the applicable standards of care in the field of air safety, generally, thus preempting the entire field from state and territorial regulation.

*Id.* at 365 (citations omitted). Other courts in this jurisdiction have applied *Abdullah* to find preemption of state standards in cases with facts analogous to this case. *See Allen*, 301 F. Supp. 2d at 373, 374-75 (granting summary judgment for the defendant airline in part based on federal preemption where airline personnel failed to prevent another passenger from opening the overhead compartment, causing a piece of luggage to strike plaintiff in the head); *Margolies-Mezvinski v. U.S. Air Corp.*, No. 98-1526, 2000 U.S. Dist. LEXIS 736, *1-2, 5-6 (E.D. Pa. Jan. 28, 2000) (granting summary judgment where another passenger opened the overhead compartment after a turbulent flight and a piece of luggage hit plaintiff on the back). Despite plaintiff's contention that *Abdullah* was wrongly decided, this court is bound by *Abdullah* and concludes, consistent with the district courts in *Allen* and *Margolies-Mezvinski*, that the Third Circuit's broad finding of preemption

---

[9] The distinction between state and territorial law is irrelevant. *See Abdullah*, 181 F.3d at 366-68.

[10] The Third Circuit noted disagreement as to the scope of preemption under the FAA and the applicability of later amendments under the Airline Deregulation Act, 49 U.S.C. § 41713(b)(1). *Abdullah*, 181 F.3d at 368 (disagreeing with case law in other courts of appeals).

controls a case arising out of an object falling from the overhead compartment and precludes plaintiff from asserting state and local law claims.[11]

Plaintiff's argument that *Abdullah* is no longer good law is unpersuasive.  To start, plaintiff incorrectly asserts that the September 11th Victims Compensation Fund ("the Fund")[12] evidences

---

[11] Plaintiff incorrectly argues that this court is bound to apply Pennsylvania state court rulings on the preemptive scope of the FAA because the case was removed to this court under diversity jurisdiction.  Although plaintiff cites *Shay v. Flight C. Helicopter Servs., Inc.*, 822 A.2d 1, 16 (Pa. Super. Ct. 2003), a Pennsylvania Superior Court case that partially distinguished the Third Circuit's conclusion in *Abdullah*, plaintiff identifies no authority requiring this court to apply a state court's interpretation of a federal statute when exercising diversity jurisdiction.  The contrary conclusion is correct.  *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 198 (1988) ("Although state law generally supplies the rules of decision in federal diversity cases, it does not control the resolution of issues governed by federal statute." (citations omitted)).  In fact, the subject matter jurisdiction of the district court in *Abdullah* rested on diversity of citizenship, as did jurisdiction in *Allen*.  *See Abdullah*, 181 F.3d at 366; *Allen*, 301 F. Supp. 2d at 373.  Neither case discussed any state court's preemption ruling.

[12] The September 11th Victims Compensation Fund is part of the Air Transportation Safety and System Stabilization Act of 2001, Pub. L. No. 107-42, 115 Stat. 230 (2001) (codified at 49 U.S.C. § 40101).  Sections 408(b)(1)-(3) state as follows:

> (1) Availability of action. There shall exist a Federal cause of action for damages arising out of the hijacking and subsequent crashes of American Airlines flights 11 and 77, and United Airlines flights 93 and 175, on September 11, 2001.  Notwithstanding [49 U.S.C. § 40120(c)], this cause of action shall be the exclusive remedy for damages arising out of the hijacking and subsequent crashes of such flights.
>
> (2) Substantive law. The substantive law for decision in any such suit shall be derived from the law, including choice of law principles, of the State in which the crash occurred unless such law is inconsistent with or preempted by Federal law.
>
> (3) Jurisdiction. The United States District Court for the Southern District of New York shall have original and exclusive jurisdiction over all actions brought for any claim (including any claim for loss of property, personal injury, or death) resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001.

Congress's intent to preserve state law standards of airline safety.  (Pl.'s Resp. Opp. Mot. to Dismiss 14-15.)  Plaintiff  contends that it would be "illogical to assume" that, in passing legislation that mandates that courts apply state substantive law, Congress "intended to preempt state standards of care for aviation safety in all but four aircraft accidents."  (Pl.'s Resp. Opp. Mot. To Dismiss 14-15.)

The Fund's legislation provides no basis for this court to overturn Third Circuit precedent interpreting the FAA.  Congress did not intend the Fund to broadly clarify the preemptive scope of the entire FAA.  First, the statute expressly applies only to the four flights targeted in the terrorist attacks on September 11, 2001.  *See* § 408(b)(1).  Second, the statute expressly provides jurisdiction only in the Southern District of New York, which sits within the jurisdiction of the Second Circuit. *See* § 408(b)(3).  Third, and perhaps most importantly, the statutory text plainly recognizes that state substantive standards may do not apply where "inconsistent with or preempted by [f]ederal law." *See* § 408(b)(2).  A more logical reading is that Congress intended to preserve the status quo ante with regard to the various courts of appeals' preemption standards.  The section at issue merely clarifies that, for any claims that are not preempted within the Southern District of New York under Second Circuit precedent and not inconsistent with federal law, the applicable substantive law is the law of the state where the crash occurred.  Pinning congressional intent to overturn or alter widespread, if not uniform, interpretation of other FAA provisions and to clarify a national preemption standard on this narrow statute would be inappropriate.  *See, e.g., Midlantic Nat'l Bank v. N.J. Dep't of Envt'l Prot.*, 474 U.S. 494, 501 (1986) ("The normal rule of statutory construction is that if Congress intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific." (citing *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S.

256, 266-267 (1979))).

Plaintiff's reliance on the United States Supreme Court's decision in *Geier v. American Honda Motor Co.*, 529 U.S. 861 (2000), is equally unavailing. (Pl.'s Resp. Opp. Mot. Dismiss 15-17.)  In *Geier*, the Court considered the "savings clause" within the National Traffic and Motor Vehicle Safety Act of 1966 ("NTMVSA"), 49 U.S.C. § 301, which regulates federal standards for motor vehicle traffic.  The Court concluded that the savings clause preserved state law causes of action for violation of automobile standards imposed by the states.  *Geier*, 529 U.S. at 868.  The holding in *Geier* is inapplicable to this case primarily because the savings clause in the NTMVSA specifically references state law *standards*.  *See* 49 U.S.C. § 30103.[13]  The purported savings clause in the FAA only references state law *remedies*.  *See* 49 U.S.C. § 40120(c).[14]  In fact, based partially on the savings clause in the FAA, the Third Circuit in *Abdullah* expressly preserved state law *remedies* predicated on violation of federal standards, but did not preserve any causes of action based on state law standards.[15]  181 F.3d at 375.  Thus, under the FAA, federal law provides the pertinent

---

[13] Section 30103(b) states:

(b) Preemption.
> (1) When a motor vehicle safety standard is in effect under this chapter . . . , a State or a political subdivision of a State may prescribe or continue in effect a standard applicable to the same aspect of performance of a motor vehicle or motor vehicle equipment only if the standard is identical to the standard prescribed under this chapter.
> . . .
> (2) A State may enforce a standard that is identical to a standard prescribed under this chapter . . . .

[14] Section 40120(c) provides:  "(c) Additional remedies. A remedy under this part is in addition to any other remedies provided by law."

[15] The Third Circuit in *Abdullah* also found that aviation, unlike ground transportation, is a unique industry dominated by federal rules, indicating that Congress would more likely intend

standard of care for aviation safety.  The portions of plaintiff's amended complaint alleging violations of standards imposed by state common law (Am. Compl. ¶ 11(A)-(F)) and state statutes and local ordinances (Am. Compl. ¶ 11(G)) will be dismissed.


### C.  Motion to Dismiss Federal Claims

Although the FAA preempts state law standards of care, it does not preempt state law remedies, such as tort actions, for violations of standards of care established by the FAA.  *See Abdullah*, 181 F.3d at 365 (concluding that "[f]ederal preemption of the standards of care can coexist with state and territorial tort remedies"); *Allen*, 301 F. Supp. 2d at 374 (applying standards of care defined in the FAA within a state common law negligence claim).  Plaintiff's amended complaint alleges defendant's negligence through violations of "pertinent provisions"[16] of the FAA and 14 C.F.R. §§ 25.787, 25.853, 121.589, 125.289.  (*See* Am. Compl. ¶ 11(H)-(L).)[17]  The court will deny defendant's motion to dismiss with regard to pertinent provisions of the FAA and to 14 C.F.R. §§ 125.289 and 121.589.  The court will grant the motion and dismiss plaintiff's claims based on 14 C.F.R. §§ 25.787 and 25.853.

---

to preempt aviation standards than ground transportation standards.  181 F.3d at 368.

[16] As discussed below, the court infers that "pertinent provisions" refers to the readily identifiable general standards within the FAA, as mandated by the Third Circuit in *Abdullah*, 181 F.3d at 371.

[17]The amended complaint mistakenly lists section 121.289 instead of the proper section, 125.289.  The parties stipulated that the appropriate provision to be argued by the parties and considered by the court is section 125.258.  (*See* Stipulation, June 26, 2007.)

### 1.  Pertinent Provisions of the FAA: The General Duty of Care

Defendant moves to dismiss plaintiff's general allegation that defendant violated pertinent provisions of the FAA.  (Am. Compl. ¶ 11(H).)  The court will deny defendant's motion.  The court infers that the amended complaint's catch-all, "pertinent provisions" language alleges violations of general standards of operation and maintenance promulgated pursuant to the FAA.  The Third Circuit has mandated that "in determining the standards of care in an aviation negligence action, a court *must* refer not only to specific regulations but also to the overall concept that aircraft may not be operated in a careless or reckless manner."  *Abdullah*, 181 F.3d at 371; *see also Allen*, 301 F. Supp. 2d at 375 (noting that this "applicable, albeit non-specific, federal standard pertains generally to [the] claim").  In *Abdullah*, the Third Circuit considered the general policy that "[n]o person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another." 181 F.3d at 369 (discussing 14 C.F.R. § 91.13).  The court concluded that "[t]he applicable standard of care is not limited to a particular regulation of a specific area; it expands to encompass the issue of whether the overall operation or conduct in question was careless or reckless."  *Id.*  In fact, applicability of these general standards motivated the court to find field preemption where other courts preempted only parts of aviation safety.  *Id.* at 374. As the court noted, "[t]here is no gap in the federal standards to fill with a state common law standard.  The § 91.13(a) prohibition of 'careless and reckless' operation of an aircraft occupies the apparent void beyond the specified 'minimum' standards."  *Id.*

In the instant case, not only does the general standard prohibiting careless or reckless operations apply to plaintiff's pleadings, but so does the general standard establishing airline responsibility for maintenance of its aircraft.  Section 91.403 provides that "[t]he owner or operator

of an aircraft is primarily responsible for maintaining that aircraft in an airworthy condition." The federal regulations, therefore, place on defendant the primary responsibility for the aircraft's condition.

Although the complaint is short on details, by pleading that she suffered "various injuries as a result of the . . . broken and/or improperly closed overhead storage compartment above her seat that allowed a ceramic bowl to fall from the storage bin and strike Plaintiff upon the head" (Am. Compl. ¶ 7), plaintiff has properly alleged both reckless operation and improper maintenance of the overhead compartments. These pleadings adequately put defendant on notice of the event giving rise to this cause of action. Plaintiff need not show she will ultimately prevail; she need only show that she may be able to discover and to introduce evidence consistent with this allegation proving that defendant's careless or reckless operation, or failure to maintain or repair its aircraft, led to the injury entitling her to relief. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1420. Plaintiff has met that present burden.

### 2.    14 C.F.R. §§ 125.289 and 121.589:  Flight Crewmember and Carriage of Cargo Requirements

Defendant moves to dismiss plaintiff's claims stemming from violations of the standards established in 14 C.F.R. §§ 121.589 and 125.289. The court will deny defendant's motion. Plaintiff's complaint contains allegations of fact sufficient to state causes of action for violation of the standards established under 14 C.F.R. §§ 121.589 and 125.289 (*see* Am. Compl. ¶ 11(K) & (L)), which relate to carriage of cargo in the passenger cabin and training of crewmembers.

Section 121.589 establishes the standard of care that airlines must use for securing carry-on

baggage.  Under 14 C.F.R. § 121.589(b), an aircraft may not push back from the gate "unless at least one required crewmember has verified that each article of baggage is stowed in accordance with this section."  Subsection 589(c) requires that prior to takeoff or landing, each article of baggage must be stowed "in a suitable . . . cargo stowage compartment . . . providing proper restraint for all baggage or cargo within."  Plaintiff claims that defendant either failed to maintain or improperly closed the overhead storage compartment, creating the dangerous condition.  A number of plausible factual scenarios consistent with this set of allegations might raise defendant's liability under this standard, from a crewmember's failure to store the large bowl properly within the overhead compartment to lack of proper restraint due to improper maintenance or overloaded capacity.  *See Hishon*, 467 U.S. at 73 (holding that granting a motion to dismiss is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations).  Plaintiff has thus met her burden.

Section 125.289(f) requires recurrent testing of crewmembers regarding "[p]roper use of cabin equipment and controls."  Plaintiff's allegation that defendant's crewmember failed to properly close the cabin is consistent with a lack of proper crewmember testing or training regarding the overhead compartment.  It is, therefore, sufficient to survive a motion to dismiss. The amended complaint thus sufficiently alleges violations of federal aviation standards that may be remedied in accordance with state-law negligence suits.  Defendant's motion to dismiss based on these federal standards will be denied.

14

### 3.  14 C.F.R. §§ 25.787 and 25.853:  Design and Manufacture Standards of Care

Defendant moves to dismiss plaintiff's claims based on 14 C.F.R. §§ 25.787 and 25.853, and the court will grant the motion.  Plaintiff failed to allege sufficient facts to demonstrate any specific standards of care owed by defendant under these sections.  Both of these sections are within part 25, which addresses "type certification" standards required before *manufacturers* or *designers* can produce new aircraft and does not apply to defendant *operator*.  The general "Applicability" section, 14 C.F.R. § 25.1, dictates that "[t]his part prescribes airworthiness standards for the issue of type certificates . . . for transport category airplanes."  Type certification refers to the design, operating limitations, and applicable data for new aircraft models. *See* 14 C.F.R. §§ 1.1, 21.41.  Although each applicant for a type certificate "must show compliance with the applicable requirements in [part 25]," 25 C.F.R. § 25.1(b), manufacturers and designers, not operators, apply for the certificates. *See generally* 14 C.F.R. part 21.  Thus, manufacturers and designers, not airline operators, must comply with the regulations under part 25.

The plain language of the sections cited by plaintiff in her complaint likewise emphasizes its applicability to production and design, not operation.  Section 25.787 regulates design and construction of cargo accommodations and requires that "[t]here must be a means to prevent the contents in the compartments from becoming a hazard by shifting . . . .  For stowage compartments in the passenger and crew cabin, if the means used is a latched door, the *design* must take into consideration the wear and deterioration expected in service" (emphasis added).  Even less relevantly, section 25.853(D)(4) requires that "cabin stowage compartments" must meet specified flammablility testing requirements.  While these sections describe certain standards regarding overhead storage compartments, they create no duty on the flight operator and are wholly unrelated

to plaintiff's factual allegations of a broken or improperly closed compartment.  Plaintiff has alleged

no facts suggesting defendant operator's negligence in design, construction, or fire testing of the

storage compartments.  With regard to federal regulations under 14 C.F.R. §§ 25.787 and 25.853,

the claims will be dismissed.


## IV.  Conclusion

The court will grant in part and deny in part defendant's motion to dismiss pursuant to rule

12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may

be granted.  The court will grant defendant's motion to dismiss with respect to state and local

standards, as well as federal standards promulgated at 14 C.F.R. §§ 25.787 and 25.853.  The court

will deny defendant's motion to dismiss for violation of general standards of care under the FAA and

specific standards found in 14 C.F.R. §§ 125.289 and 121.589.

16

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| NATALIE LEVY, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1266 |
| | : | |
| CONTINENTAL AIRLINES, INC., | : | |
| Defendant. | : | |
| | : | |

## Order

YOHN, J.

**AND NOW** on this _____ day of October, 2007, upon consideration of defendant Continental Airline's motion to dismiss for failure to state a claim (Docket No. 14), plaintiff's response thereto, and defendant's reply to plaintiff's response, **IT IS HEREBY ORDERED** that:

1. Defendant's Rule 12(b)(6) motion to dismiss claims in ¶ 11(A)-(F) based on state common law negligence standards is GRANTED, and these claims are dismissed with prejudice.

2. Defendant's Rule 12(b)(6) motion to dismiss claims in ¶ 11(G) based on state statutes and local ordinances is GRANTED, and these claims are dismissed with prejudice.

3. Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim in ¶ 11(I) & (J) under 14 C.F.R. §§ 25.787 and 25.853 is GRANTED, and these claims are dismissed with prejudice.

4.  Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim in ¶ 11(H) under the general FAA standards found within the regulations is DENIED.

5.  Defendant's motion to dismiss for failure to state claims in ¶ 11(K) & (L) under 14 C.F.R. §§ 125.289 and 121.589 is DENIED.

                                   __ s/ William H. Yohn Jr.____

                                     William H. Yohn Jr., Judge